IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RENE CISNEROS, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| CUTTING EDGE STONE, INC., and BRUCE KOOP | |
| Defendants. | |

## COMPLAINT

COMES NOW Rene Cisneros ("Plaintiff" or "Mr. Cisneros"), by and through his undersigned counsel, and files this Complaint, showing the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff brings this action for damages for unlawful discrimination based on race, national origin, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII") and unlawful discrimination based on race/ethnicity and retaliation in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

1

2.

Defendant Cutting Edge Stone, Inc. ("Defendant") is a Georgia Corporation located in this judicial district and division and doing business in interstate commerce. Defendant may be served by personal service on its registered agent, Bruce Koop, at 1980 Grasslands Parkway, Alpharetta, GA, 30004. As the Defendant is based in this jurisdiction and the unlawful employment practices committed by Defendant that form the basis of this lawsuit were committed within this judicial district and division, venue is appropriate.

3.

Defendant Bruce Koop ("Defendant Koop" or "Mr. Koop") is resident of the State of Georgia and is located in this judicial district and division and doing business in interstate commerce. Defendant Koop may be served by personal service at his place of business 1980 Grasslands Parkway, Alpharetta, GA, 30004. As the Defendant is based in this jurisdiction and the unlawful employment practices committed by Defendant that form the basis of this lawsuit were committed within this judicial district and division, venue is appropriate.

4.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 2000e-5(f)(3), and 42 U.S.C. § 1981, *et. seq*.

## ADMINISTRATIVE PROCEDURES

5.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed a charge of discrimination with the EEOC on or about June 1, 2020; the EEOC issued its Notice of Right to Sue on August 6, 2021.

6.

This action has been commenced within ninety (90) days of receipt of the Notice of Right to Sue.

## PARTIES

7.

Plaintiff is an Hispanic male of Honduran descent and is subject to the jurisdiction of this Court.

8.

Defendant Cutting Edge Stone, Inc. is a Georgia corporation, headquartered at 1980 Grasslands Parkway, Alpharetta, GA, 30004 that is qualified and licensed to do business in Georgia, and at all times relevant, conducted business in interstate commerce from its location within this District and Division.

9.

At all times relevant to this Complaint, Plaintiff was employed by and was an "employee" of Defendant Cutting Edge, as defined under Title VII.

10.

During all times relevant hereto, Defendant Cutting Edge employed fifteen (15) or more employees for the requisite duration under Title VII.  Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

## **FACTUAL ALLEGATIONS**

11.

Defendants hired Mr. Cisneros on April 22, 2019, as a Manufacturing Production Manager.

12.

Defendant Cutting Edge is owned by Bruce Koop, who serves as CEO.

13.

Mr. Koop and Ms. Ward are white Americans.

14.

Upon hire, Mr. Cisneros was given an annual salary of $85,000, plus benefits.

15.

Defendant hired Mr. Cisneros to oversee its plant and improve various issues, including poor production results and problems employee attendance.

16.

When Mr. Cisneros began, all of Defendant's employees were Hispanic, except for Andy Tanner, Bruce and Donald Koop and Jessica Ward, daughter of Bruce Koop.

17.

Defendants falsely employed the Hispanic employees as independent contractors in order to evade tax obligations and to evade the requirement to complete IRS Form I-9s for its employees, as many of them were undocumented workers not lawfully present in this country.

18.

Defendants also used the false claim that the Hispanic employees were independent contractors in order to avoid paying them overtime, in violation of the Fair Labor Standards Act.

19.

Defendant Koop often made derogatory comments to and around Mr. Cisneros about the Hispanic employees.

20.

Defendant Koop asked why Hispanics were so dramatic.

21.

Defendant Koop complained about the Hispanic employees not knowing English.

22.

Defendant Koop stated that the Hispanics expected everything to be done for them.

23.

Defendant Koop asked why Latinos drove without licenses or insurance

24.

Defendant Koop made a derogatory comment to Mr. Cisneros about Latinos living paycheck to paycheck.

25.

Out of fear for his own job, Mr. Cisneros did not initially say anything to Defendant Koop about the discriminatory comments, but later intervened with Defendant Koop on behalf of Hispanic employees regarding threats to terminate them if they sought worker's compensation and other discriminatory actions.

26.

In or about June 2019, Defendant re-hired Kevin Kennelly, a former employee of Defendant who had previously abruptly quit.

27.

During his prior stint with Defendant, Mr. Kennelly often bullied Defendant's Hispanic employees, including threats to call immigration.

28.

When Mr. Kennelly started back with Defendant in June 2019, he refused to take orders from Mr. Cisneros, despite Mr. Cisneros being Mr. Kennelly's direct supervisor.

29.

Mr. Kennelly told Mr. Cisneros that he did not have to take instruction from "any Hispanic."

30.

Mr. Kennelly referred to Mr. Cisneros as a "damn Latino" or "greasy Latino."

31.

Mr. Kennelly told Mr. Cisneros that he should go back where he came from.

32.

On October 11, 201, Mr. Kennelly approached Mr. Cisneros and began yelling and threatening him, in an attempt to get Mr. Cisneros to react phyically.

33.

Mr. Cisneros remained calm but immediately tried to call Defendant Koop to report Mr. Kennelly's actions. Defendant Koop was out of town but said that they would talk on Monday.

34.

On Monday, October 14, 2019, Mr. Cisneros made a formal complaint to Defendant Koop and Ms. Ward about Mr. Kennelly's ongoing discrimination and harassment.

35.

In response, Defendant Koop stated that he did not like work place complaints, and threatened to fire Mr. Cisneros.

36.

Mr. Cisneros begged Defendant Koop to let him keep his job.

37.

Defendant Koop agreed to let Mr. Cisneros remain employed, but reduced his salary by 20% and removed Mr. Cisneros's managerial duties over Kevin Kennelly,

in apparent agreement that Mr. Kennelly should not have to be supervised by an Hispanic individual.

38.

Defendant Koop told Mr. Kennelly about demoting Mr. Cisneros and mocked him for begging for his job, a fact that was repeated back to Mr. Cisneros by Zack Lugo, who said he had heard it from Kevin Kennelly.

39.

Defendant's actions in altering Mr. Cisneros's job duties and reducing his compensation immediately following his complaints of discrimination was both discriminatory and retaliatory.

40.

Despite Defendant removing Mr. Kennelly from Mr. Cisneros's direct supervision, Mr. Kennelly's harassment and discrimination of Mr. Cisneros continued, leading to an ever increasing hostile work environment.

41.

On or about January 16, 2020, Mr. Kennelly again confronted Mr. Cisneros, cursing at and trying to get Mr. Cisneros to strike him.

42.

The following day, Mr. Cisneros complained to Defendant Koop about Mr. Kennelly's continued harassment.

43.

In response, Defendants terminated Mr. Cisneros.

44.

Defendant Koop told Mr. Cisneros that he was fired because Defendant Koop had already told him that he had no time for complaints.

45.

Although Defendants purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

## COUNT I:  RACE AND NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED AGAINST CUTTING EDGE STONE, INC.

46.

Plaintiff re-alleges paragraphs 1 through 45 as if set forth fully herein.

47.

Defendant Cutting Edge Stone, Inc.'s actions in subjecting Plaintiff to severe and pervasive harassment and unfavorable terms and conditions of employment

constitutes unlawful discrimination on the basis of his race and national origin in violation of Title VII.

48.

Defendant Cutting Edge Stone, Inc.'s has willfully and wantonly disregarded Plaintiff's rights, and this Defendant's discrimination against Plaintiff was undertaken in bad faith.

49.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunities, and to otherwise adversely affect his status and compensation as an employee because of his race and national origin.

50.

As a direct and proximate result of Defendant Cutting Edge Stone, Inc.'s violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

51.

Accordingly, Defendant Cutting Edge Stone, Inc.'s is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED AGAINST DEFENDANT CUTTING EDGE STONE, INC.

52.

Plaintiff re-alleges paragraphs 1 through 45 as if set forth fully herein.

53.

Defendant Cutting Edge Stone, Inc.'s actions, as detailed above, in terminating Plaintiff because of his protected activity constitutes unlawful intentional retaliation in violation of Title VII.

54.

Defendant Cutting Edge Stone, Inc. willfully and wantonly disregarded Plaintiff's rights, and this Defendant's retaliation against Plaintiff was undertaken in bad faith.

55.

Accordingly, this Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

## COUNT III:  VIOLATION OF 42 U.S.C. § 1981

56.

Plaintiff re-alleges paragraphs 1 through 45 as if set forth fully herein.

57.

Plaintiff is an Hispanic male.

58.

Defendants subjected Plaintiff to unlawful discrimination and harassment on the basis of his race/ethnicity.

59.

Plaintiff had an employment agreement with Defendants which constituted a "contract" within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendants, and Defendants compensated Plaintiff for work.

60.

Plaintiff performed his contractual obligations.

61.

Defendants' actions in subjecting Plaintiff to severe and pervasive harassment and unfavorable terms and conditions of employment constitutes unlawful discrimination on the basis of his race/ethnicity in violation of 42 U.S.C. § 1981.

62.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of his race/ethnicity.

63.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well-being.

64.

As a direct and proximate result of Defendants' unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

65.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff was undertaken in bad faith.

66.

Defendants chose not to take appropriate remedial steps to prevent or correct the harassment.

**COUNT IV:  VIOLATION OF 42 U.S.C. § 1981 RETALIATION**

67.

Plaintiff re-alleges paragraphs 1 through 45 as if set forth fully herein.

68.

Plaintiff engaged in protected conduct when he complained about racial and alienage discrimination (i.e., the mistreatment of himself and other Hispanic

employeees because they were neither citizens or lawful residents of the United States) towards himself and other employees.

69.

Defendants subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct by, first, demoting him and reducing his pay and, subsequently, by terminating his employment.

70.

There was a causal connection between the protected conduct and the adverse action.

71.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

72.

Defendants, therefore, are liable for the damages caused proximately resulting from its retaliation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)     General damages for mental and emotional suffering caused by Defendants' misconduct;

(b)     Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation, and approval of said acts;

(c)     Special damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(i)     All other relief to which he may be entitled.

Respectfully submitted the 25th day of October, 2021.

BARRETT & FARAHANY

/s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 646135

*Attorney for Plaintiff Rene Cisneros*

1100 Peachtree Street, Suite 500
Atlanta, GA 30309
(404) 214-0120
matt@justiceatwork.com