IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RENE CISNEROS,<br><br>    Plaintiff,<br><br>v.<br><br>CUTTING EDGE STONE, INC.,<br>and BRUCE KOOP<br><br>    Defendants. | Civil Action No.<br><br>1:21-cv-04418-WMR<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION FOR AN AWARD OF
ATTORNEYS' FEES AND EXPENSES OF LITIGATION**

Pursuant to 42 U.S.C. § 2000e-5(k), Federal Rule of Civil Procedure 54(2)(b), and Northern District of Georgia Local Rule 54, Plaintiff moves this Court for an award of attorneys' fees and expenses of litigation.

I.    **INTRODUCTION**

Rene Cisneros is a former employee of Cutting Edge Stone, Inc., who was fired in January 2020 because of his race and because of reporting racial discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). He filed an EEOC charge and received a Notice of Right to Sue, then obtained counsel. Cisneros prevailed on a motion for summary judgment, seeking summary judgment on both racial discrimination and retaliation charges under Title VII. Cisneros prevailed again at trial, on both racial discrimination and retaliation

1

charges, was awarded compensatory damages of $142,818, a sum in excess of the amount requested, and was awarded punitive damages in the amount of $500,000.

II.     ARGUMENT AND CITATION OF AUTHORITY

### A. Plaintiff is Entitled to an Award of All Claimed Hourly Fees

This action is premised on employment discrimination claims made under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Having succeeded on all claims and received a substantial monetary award, Cisneros is undeniably a "prevailing party" within the meaning of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-5(k) and § 1988. A court may, at its discretion, allow the prevailing party to recover reasonable attorney's fees as part of costs. *Id.* Courts within this District and across the Eleventh Circuit have consistently awarded attorney's fees where the plaintiff fully prevails on their claims and have even awarded fees when the plaintiff even partially prevails. *See, e.g. Cheney v. Fulton Cty.*, No. 1:14-CV-02009-ELR, 2017 U.S. Dist. LEXIS 227171 (N.D. Ga. July 25, 2017). However, when, as here, Plaintiff has prevailed as to all claims, no reduction of time for pursuit of unsuccessful claims is possible or appropriate. *Hensley v. Eckerhart*, 103 S.Ct. 1933, 1943 (1983).

During this case, Plaintiff litigated in the manner one would expect of competent counsel. He pursued discovery through written interrogatories, requests for production of documents, and the deposition of the persons identified by the

parties as involved in the discrimination and retaliation against Plaintiff for reporting discrimination. There were additional witnesses who were not deposed who could reasonably have been questioned, but Plaintiff limited his discovery efforts to those necessary to prevail.

Since there is no question as to Plaintiff's standing as a prevailing party with judgment entered in his favor, the Court must address three principal issues. First, has the plaintiff documented the proper number of hours and hourly rate by submitting evidence supporting the hours worked and the rates claimed -- the lodestar amount? *Hensley v. Eckerhart*, 103 S.Ct. 1933 (1983). Second, has the opposing party demonstrated grounds for questioning the hours or rate? Third, is an upward or downward adjustment appropriate?

In this case, the application for fees and additional expenses is predicated on an extremely favorable award to the plaintiff. The work performed in achieving this result built upon the discovery and evidentiary foundations laid at the outset of the case and culminated in a verdict and judgment in favor of the Plaintiff. The lodestar amount in this case as of August 22, 2024 is derived from thoroughly documented computerized time records, which have been extracted into a spreadsheet and attached hereto, established community rates (see Declarations of Matthew Billips, Benjamin Stark, and Constance Cooper, also filed herewith), and the total number of hours expended. Plaintiff reduced arguably excessive, redundant, or otherwise

unnecessary hours. As such, Plaintiff and his attorneys currently move the Court for a "lodestar" award of $$229,790.73 for work performed through August 22, 2024, as reasonable and necessary attorney's fees, and an award of expenses reasonable incurred of (to the extent not awarded as costs under 28 U.S.C. Section 1920) of $_____.

In support of the petition, Plaintiff relies on the itemization and affidavits submitted herewith, the Court's familiarity with the work performed by counsel, and the evidence submitted in support of Plaintiff's arguments as to the "relevant legal market." For the reasons set forth below, Plaintiff is entitled to a fully compensatory award of hours reasonably and necessarily expended in the prosecution of this action and a fully compensatory award of costs and expenses of litigation.

1. **The Number of Hours Utilized by Counsel in the Pursuit of This Case Are Reasonable**

Several Supreme Court decisions provide guidance concerning the trial court's calculation of the amount to be awarded. The first such guidance appeared in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

> "The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (per curiam) (internal quotation marks omitted). This number is called the lodestar and "there is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve." *Id*. In determining whether the lodestar is reasonable, "the [district] court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway*

*Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)."[6] *Id.* If the lodestar is reasonable, a downward adjustment "is merited only if the prevailing party was partially successful in its efforts."

*Ela v. Destefano*, 869 F.3d 1198, 1203 (11th Cir. 2017). No such argument could be made here, where the jury awarded *in excess of the sum* Plaintiff requested.

The hours claimed or spent on a case are "the most useful starting point for determining the amount of a reasonable fee." *Hensley*, supra, 461 U.S. at 433. Counsel must exercise "billing judgment in determining the hours reasonably expended." Id. at 437. Attorneys should also be compensated for the time reasonably expended in seeking an award of fees from the Court. *Johnson v. University College*, 706 F.2d 1205, 1207 (11 Cir. 1984).[1] In petitioning for fees [c]ounsel should make a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S. at 434; *Norman*, 836 F.2d at 1301.

"[W]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 465, 103 S. Ct. at 1939. Under *Hensley*, "excessive, redundant or otherwise unnecessary" hours should be excluded

---

[1] See also *Jonas v. Stack,* 758 F.2d 567 (11th Cir. 1985); *Johnson v. University College of University of Alabama Birmingham*, 706 F.2d 1205, 1207 (11th Cir.) cert. denied, 464 U.S. 994 (1983); *Johnson v. Mississippi*, 606 F.2d 635 (5th Cir. 1979). Plaintiff will seek fees incurred after September 8, 2017 by supplemental motion.

from the amount claimed. *Norman*, 836 F.2d at 1301. In the instant case, any hours billed by Plaintiff's attorneys which could reasonably be considered "excessive, redundant or unnecessary" have been eliminated. The standard of reasonableness in determining the amount of attorney's fees is to be given a "liberal interpretation." *Dowdell v. City of Apopka*, 698 F.2d 1181, 1191-92 (11th Cir. 1983).

Plaintiff's counsel has stated by way of affidavit that they have carefully reviewed the fee listing and that they have exercised prudent billing judgment with regard to the billable time claimed. Affidavits of Matthew C. Billips, Benjamin Stark, and Constance Cooper. Counsel aver that they have reduced any times spent inefficiently.

Plaintiff has also submitted affidavits from independent counsel who have extensive experience in employment discrimination litigation. These counsel each aver that they have reviewed the time and billing records of Plaintiffs' counsel and have concluded that the number of billable hours for which Plaintiffs seek payment are reasonable. Plaintiff has thus provided ample evidentiary support for the number of billable hours for which she claims payment.

The Fifth Circuit in *Johnson, supra*, stated that the district judge "should weigh the hours claimed against his own knowledge, experience, and expertise and the time required to complete similar activities." 488 F.2d at 717. The time expended by attorneys in this action was reasonable in light of the duration of this litigation,

and the vigorous defense of the defendants through their counsel. Preparation and trial of a case of this nature, as this Court is well aware, can hardly be accomplished in less time than was expended in this case.

The hours Plaintiff's counsel expended were necessitated by the needs of the case and were not excessive. As the Court can see from the attached itemized listing of hours and tasks performed, the work counsel performed was limited to that absolutely necessary by the case and the actions of opposing counsel. There was little duplication of effort. Mr. Billips was the primary attorney on the case until Defendants filed their Motion for Summary Judgment, with time provided by Associate Attorneys Amy Sillmon, Daria Korsun, Zach Panter, and Sophie Karpf reduced by Mr. Billips prior to filing this motion. The time spent by these attorneys served to reduce time Mr. Billips would have spent at his greater hourly rate. The reasonableness of this time is attested to by Mr. Billips. Even after the filing of the summary judgment motion, Mr. Stark's billable work on the case was limited to research and writing, and Ms. Cooper's billable work was limited to preparation for trial of this matter and trial.

Although Plaintiff's counsel consulted on issues of importance, they efficiently divided their time in trial preparation, each taking responsibility for particular witnesses or particular issues that might arise. And, unlike defense counsel, Plaintiff tried the case with two lawyers, rather than three. Although there

7

were numerous telephone calls and informal consultations between Plaintiff's counsel regarding particular issues, the majority of those were not recorded, in the exercise of billing judgment. Similarly, counsel worked efficiently in motion practice. As reflected in the billing records, Ms. Billips notes several discussions with Mr. Stark regarding the summary judgment motion, on which Mr. Stark worked, yet Mr. Stark did not bill for any of this time. This reduction was an exercise in billing judgment, as much of that time was spent familiarizing himself with the facts and issues presented in the case, which a reasonably prudent attorney would not charge to a paying client.

**2. Plaintiff's Success Was Total**

The one factor most relied upon by the courts in fixing fee awards is the extent to which Plaintiff has succeeded in his lawsuit. Wright & Miller, Federal Practice, §1803 at 290. In the instant case, the plaintiff received a total victory. The jury found that Plaintiff was the subjected to racial discrimination and retaliation for reporting racial discrimination, awarded full compensation, and awarded punitive damages in the amount of $500,000.

The former Fifth Circuit initially identified the amount of money involved and the results obtained as only one of twelve factors to be considered in awarding attorney's fees. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 7 FEP Cases 1, 3-4 (5th Cir. 1974). The Supreme Court subsequently held the degree of

success obtained to be the single most important factor in determining the reasonableness of a fee award. *Farrar v. Hobby*, 506 U.S. 103, 60 FEP Cases 633, 637 (1992), citing *Marek v. Chesny*, 473 U.S. 1, 11, 38 FEP Cases 124, 129 (1985); *Hensley v. Eckerhart*, 461 U.S. 424, 31 FEP Cases 1169, 1174 (1983). According to its directive, district courts are "obligated to give primary consideration to the amount of damages awarded as compared to those sought.'" *Farrar*, 60 FEP Cases at 637, citing *Riverside v. Rivera*, 477 U.S. 561, 585, 41 FEP Cases 65, 74 (1986) (Powell, J., concurring in judgment). In addition, the Supreme Court has rejected the argument that attorneys' fees must necessarily be in proportion to the amount of money recovered by the plaintiff, reasoning that the public benefit advanced by civil rights litigation is far more important than the amount of money received. *City of Riverside v. Rivera*, 477 U.S. 561, 575 (1989). In this case, plaintiff's victory was substantial both monetarily and in terms of the public benefit it serves.

A number of Courts have approved fee awards based on far less success in litigation than achieved in this case. *See*, *Riverside v. Rivera*, 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986) (approving fee award of $245,465.25 in case in which plaintiffs won a total of $33,350 in damages); *Davis v. Locke*, 936 F.2d 1208 (11th Cir. 1991) (approving $62,000 fee in case where Plaintiffs received $3,500 in damages); *McKenzie v. Cooper, Levins & Pastko, Inc.*, 990 F.2d 1183 (11th Cir. 1993) (approving $100,000 fee in case where Plaintiff received $9,000 in damages).

Based on the success achieved in this case, therefore, a fully compensatory award of fees is clearly warranted.

Insofar as the value to the public is concerned, it is important to highlight the role of private enforcement of civil rights laws. Indeed, the compensatory and deterrent purposes of the ADAA is perhaps most meaningfully served by the day-to-day private enforcement of civil rights, which secures compliance and deters future violations. *Quarantion v. Tiffany & Co.*, 166 F.3d 422, 426 (2nd Cir. 1999). That is, the judgment deters future improper conduct and represents a specific spill-over of benefits for non-parties, thereby buttressing the significance of the relief and an award of a full compensatory fee. *Popham v. City of Kennesaw*, 820 F.2d 1570, 1580 (11th Cir. 1987), citing *City of Riverside v. Rivera*, 106 S. Ct. at 2694. Plaintiff achieved a significant victory on an issue of considerable public concern, entitling him to his reasonable attorney's fees, and all relevant factors demand a fully compensatory award of fees.

### B. Reasonable Hourly Rate

#### 1. The Relevant Legal Community

In assessing a reasonable hourly rate for Plaintiff's attorneys, this Court must evaluate the attorneys' "knowledge of trial practice and knowledge of the substantive law." *Norman*, 836 F.2d at 1301. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by

lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299. The performance of counsel both pretrial and at trial demonstrates that Plaintiff's counsel's rate is reasonable for the strictest determination of the "relevant legal community," as attested by attorneys' who regularly practice employment law in Atlanta. Counsel familiar with Atlanta Division rates have attested that counsel's rate of $500 for Mr. Billips is reasonable within that legal community.

### 2. The Rates Sought Are Equal to or Less Than Those Actually Charged

The applicant attorney's customary billing rate for fee-paying clients ordinarily is the best evidence of his market rate, although that information is not necessarily conclusive. *Dillard v. City of Greensboro,* 213 F.3d 1347, 1354–55 (11th Cir.2000) ( "What [the attorney] charges clients is powerful, and perhaps the best, evidence of his market rate; that is most likely to be what he is paid 'as determined by supply and demand.' "); *see also National Assoc. of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319, 1325 (D.C.Cir.1982) ("The best evidence would be the hourly rate customarily charged by the affiant himself or by his law firm."). *Lambert v. Fulton Cty., GA*, 151 F. Supp. 2d 1364, 1373 (N.D. Ga. 2000)

In this case Matthew C. Billips seeks $500 per hour, which is less than the actual hourly rate he charges where he is retained on hourly matters. Benjamin Stark seeks a rate of $400 per hour, which is the rate he charges clients he represents on

an hourly basis. Constance Cooper seeks $300 per hour, which is less than the actual hourly rate she charges for retained hourly matters. Plaintiff seeks $150 per hour for paralegal time, which is on the low end of the spectrum. These rates are consistent with the strict definition of the relevant legal community – limited to the Atlanta Division -- and with the more expansive definition shown to be appropriate by the Court's own records. Based on the facts and circumstances of this case, counsels' experience and expertise, the corresponding demands on Plaintiff's counsel presented in this case, and the results obtained, the hourly rate is reasonable.

### 3. The Experience, Reputation, and Ability of the Attorneys

One factor which must be considered, of course, is the experience, reputation and ability of the attorneys seeking compensation. These facts are set forth in the attached affidavits. These affidavits show that counsel for Cisneros have extensive relevant experience and enjoy excellent professional reputations. Mr. Billips graduated law school in 1988, has spent almost his entire career practicing employment discrimination litigation and has more than thirty-five (35) years of experience in the field. Mr. Stark graduated law school in 2006 and has been in practice for nearly eighteen (18) years, more than seventeen (17) of those years in this field. Ms. Cooper, who has less experience, was responsible for the Plaintiff's trial preparation and direct examination.

In further support of the fee award, Cisneros has also submitted an affidavit from independent, experienced civil rights attorneys who state that Plaintiff's counsel are knowledgeable, capable attorneys in the area of employment discrimination law. These attorney also opine that Plaintiff's counsel are well known in the community of employment discrimination attorneys in Georgia and have excellent reputations for their work in employment discrimination law.

### 4. The Undesirability of the Case

Plaintiff does not contend that this case was *per se* undesirable. It is, after all, the kind of work that the undersigned counsel do on a regular basis.

However, the case was long hard fought. Plaintiff was discriminated against in 2019 and dismissed for reporting discrimination in 2020. This lawsuit was filed in 2021, after an EEOC investigation was concluded and Plaintiff retained counsel. The case proceeded through discovery, and on August 1, 2022, Defendants filed their Motion for Summary Judgment, which was denied on March 21, 2023. Although it was entitled to take these actions, they were not without cost (to Plaintiff's counsel and Plaintiff's counsel should be properly compensated for the delay and additional expenditure they occasioned. *See City of Riverside v. Rivera,* 477 U.S. 561, 580 n. 11, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986) (stating that a defendant "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by plaintiff in response"); *Shipes v. Trinity Indus.,* 987 F.2d 311,

321 (5th Cir.1993) (stating that "obstinate conduct by opposing counsel is compensated by the additional number of hours required to prevail over such obstinancy"); *Marbled Murrelet v. Pacific Lumber Co.,* 163 F.R.D. 308, 326 (N.D.Cal.1995) (stating that defendant's counsel "may have the right to play 'hardball' when defending its client's interests, but it should bear the costs associated with pursuing this type of obstructionist strategy").

Other examples abound. At no point did Defendant make any settlement offers that were close to the jury award. Plaintiff's opening settlement demand in 2021 was less than the jury award plus the requested fees. Defendants repeatedly refused offers to settle this matter for an amount less than that awarded by the jury, with such offers extended at the filing of this matter, after the Court's summary judgment award, on the eve of trial, and during trial.

Civil rights and employment discrimination cases are viewed as undesirable by most members of the Bar for exactly the reasons presented here: (1) the plaintiff most always lacks the financial resources to vigorously prosecute the action or pay for even routine expenses and attorneys' fees; (2) the type of evidence required to prevail is almost always within the exclusive possession of the defendant and involves numerous interrogatories and depositions and voluminous business records, discovery of which takes many hours of a plaintiff's attorney's time; (3) many cases are lost without compensation or reimbursement for even out-of-pocket expenses;

(4) such cases are difficult for courts to try; (5) appeals are required in a high number of such cases; (6) considerable time can pass before any attorney's fees are even considered; (7) there are often long delays in receipt of fees, even after judgment is entered for the plaintiff; and (8) receipt of the fee is contingent up success, with the possibility that no fee will realized despite all the time expended. These factors were presented in the instant case. Although the undersigned counsel recognize that these factors make this work undesirable, they also expect to the *paid* for it when they prevail.

**5. Results Obtained**

Defendants cannot legitimately contest the fact that Plaintiff's counsel achieved optimal results, given that the jury awarded damages a significant amount of compensatory and punitive damages.

**6. Relationship with the Client**

There is no relationship, except for that involving this case, between counsel and Mr. Cisneros. There is no real potential for ongoing business from clients who are the victims of discrimination. This factor mitigates in favor of a fully compensatory fee award.

## III. CONCLUSION

In sum, the rates requested for compensating Cisneros's counsel are reasonable in the context of the relevant market area and the rates that attorneys of

comparable experience and knowledge have received for similar cases. The rates reflect current and less than current actual billing rates for Plaintiff's counsel. In addition, Plaintiff has presented evidence that these rates are reasonable in the context of the relevant marketplace. Plaintiff's Motion should be granted in its entirety.

Respectfully submitted this 9th day of September, 2024.

                                     **BARRETT & FARAHANY**

                                     s/ *Matthew C. Billips*
                                     Matthew C. Billips
                                     Georgia Bar No. 057110

                                     *Attorney for Plaintiff Rene Cisneros*

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
matt@justiceatwork.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RENE CISNEROS,<br><br>  Plaintiff,<br><br>v.<br><br>CUTTING EDGE STONE, INC. AND BRUCE KOOP,<br><br>  Defendants. | Civil Action No.<br><br>1:21-cv-04418-WMR<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing *Plaintiff's Motion for an Order Permitting Electronic Equipment in the Courtroom for Trial* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

James M. Johnson
james@johnsontrial.com
Amy K. Weber
amy@johnsontrial.com

Respectfully submitted this 9th day of September, 2024.

**BARRETT & FARAHANY**

s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110